**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ROGER W. VON ASPERN, #113533**                        **PETITIONER**

**VERSUS**                                      **Civil Action No.: 1:12cv96-LG-JMR**

**WARDEN DENMARK and ASSISTANT
WARDEN DAVIS**                                  **RESPONDENTS**

### REPORT AND RECOMMENDATION

Presently pending before the Court is Respondents' Motion to Dismiss [7] Roger Von Aspern's [Von Aspern] petition for writ of *habeas corpus* relief as untimely. Petitioner has filed no response to this motion. For the reasons described below, Respondents' motion should be granted and the petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 should be dismissed as untimely.

### BACKGROUND

On July 8, 2005, Von Aspern was sentenced to twenty (20) years in the custody of the Mississippi Department of Corrections [MDOC] after being convicted of one (1) count of aggravated assault in the Circuit Court of Harrison County, Mississippi. [7, Exh. A.] Petitioner appealed his conviction to the Mississippi Supreme Court, and that Court issued a *per curiam* affirmance on September 24, 2009. [7, Exh. B.] Petitioner did not appeal this ruling to the United States Supreme Court. On October 29, 2009, Petitioner filed in the Mississippi Supreme Court a document entitled "Petitioner [*sic*] for a Writ of Federal *Habeas Corpus*." [7, Exh. C.] On December 9, 2009, the Mississippi Supreme Court issued an order holding that "to the extent that Von Aspern seeks post-conviction relief from this Court, the panel finds that the petition should be denied." [7, Exh. D.] Petitioner filed his petition for *habeas corpus* in this Court on April 2, 2012. [1]

### DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act [AEDPA] was enacted primarily to put an end to the unacceptable delay in the review of prisoners' *habeas* petitions. "The purpose

of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's *habeas corpus* jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-5 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Therefore, this Court must determine when the Petitioner's conviction became final on direct review and whether the statute of limitation was tolled while on review in the Mississippi Supreme Court. This analysis will provide the date by which the Petitioner must have filed his petition in order to satisfy the statute of limitations.

Petitioner's conviction became final on direct appeal ninety (90) days after the Mississippi Supreme Court affirmed that conviction since the Petitioner did file a petition for a writ of *certiorari* in the United State Supreme Court. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008). The Mississippi Supreme Court affirmed the conviction on September 24, 2009, and the 90 day period to seek *certiorari* would have expired on December 23, 2009. A "properly filed" application for post-conviction relief [PCR] filed during the one-year statutory period will toll the due date on a federal *habeas corpus* petition. Von Aspern filed an application for PCR with the Supreme Court of Mississippi on October 27, 2009. [7, Exh. C.] The petition was denied on December 9, 2009, tolling the statute of limitation for the forty-three (43) days the petition was pending, making the *habeas* petition due on February 4, 2011.

Under the "mailbox rule" a petitioner's *pro se* federal *habeas* petition is deemed filed on the date he delivered the petition to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Von Aspern signed the petition on March 29, 2012, making that date the earliest the Petitioner could have filed his petition. [1]  Considering a March 29, 2012, filing date, the petition was filed 419 days past the February 4, 2011, deadline.  Accordingly, it is the recommendation of this Court that the Motion to Dismiss [7] be granted and the Petition [1] denied as time-barred pursuant to § 2244(d)(1).

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations by no later than July 11, 2012, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

THIS the 27th day of June, 2012.

                                                           s/ John M. Roper, Sr.
                                        CHIEF UNITED STATES MAGISTRATE JUDGE